# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J Pence, et al., | No. CV-17-01857-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is the Emergency Motion for Temporary Restraining Order and Preliminary Injunction of Plaintiffs Michael J. Pence and Tauni R. Pence, (Doc. 2). For the following reasons, the Court denies the Motion and dismisses Plaintiffs' Complaint.

**BACKGROUND**

This case arises out of a foreclosure action by Defendant Deutsche Bank on certain real property (the "Property") which the Plaintiffs assert is their residence. Deutsche Bank obtained judgment against the Plaintiffs in a Forcible Entry and Detainer Action in Maricopa County Superior Court on September 18, 2015. (Doc. 2 at 13.) The Superior Court then issued a Writ of Restitution on January 5, 2017, which was stayed pending appeal. (*Id.*) The Arizona Court of Appeals affirmed the judgment, and on April 4, 2017, the Arizona Supreme Court denied review. (*Id.* at 7, 13.)

Plaintiffs then filed a "Notice of Stay Under 28 U.S.C. § 2101," asserting the existence of a 90-day stay of judgment, dating from the Arizona Supreme Court's denial

of review, to permit Plaintiffs to file a petition for writ of certiorari with the United States Supreme Court.[1] On May 12, 2017, Deutsche Bank filed a new Application for Writ of Restitution, as the initial Writ had become stale and invalid during the appellate process. (Doc. 2 at 12–13.) Ten days later, Plaintiffs filed an objection to Deutsche Bank's renewed application, asserting again the existence of a 90-day stay of judgment and arguing that Deutsche Bank was guilty of harassment and contempt of court for ignoring the purported stay. (*Id.* at 15–18.)

In the meantime, on May 15, 2017, the Superior Court issued a Writ of Restitution, ordering the Sheriff of Maricopa County to deliver possession of the Property to Deutsche Bank by 9:00 AM on June 19, 2017. (*Id.* at 19–22.) Plaintiffs, in turn, filed an Emergency Motion to Quash Writ—again based on the asserted existence of a stay. (*Id.* at 23–25.) Commissioner Brian S. Rees denied that Motion, noting that "There is no 'stay' pending." (*Id.* at 26.) Plaintiffs then filed an Amended Emergency Motion to Quash Writ and Request for Stay, which yet again asserted the existence of a stay and additionally attached proof of service of a Petition for Writ of Certiorari to the Supreme Court of the United States. (*Id.* at 27–30.)

Now, Plaintiffs have filed suit in this Court. Their Complaint lists two causes of action. The first asserts that Deutsche Bank, and its attorneys, engaged in tortious interference against Plaintiffs throughout the foreclosure and judicial proceedings. (Doc. 1 at 6–12.) Plaintiffs assert that this cause of action alternatively arises under 28 U.S.C. § 1927.[2] (*Id.* at 13–15.) The second cause of action seeks injunctive relief against the State

---

[1] 28 U.S.C. § 2101 provides in part that a petition for writ of certiorari must be filed within 90 days of the entry of judgment or decree below, and that "the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari." As other courts have noted, "the section does not suggest that a judgment rendered against a party petitioning for certiorari may not be executed during the time in which the petition may be filed." *Byrne v. Roemer*, 847 F.2d 1130, 1134 (5th Cir. 1988).

[2] That statute provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

of Arizona and Commissioner Rees, as well as Deutsche Bank and its attorneys. (*Id.* at 15–18.) Plaintiffs assert that they are entitled to a stay of judgment, and an injunction against continued tortious interference by Deutsche Bank and its attorneys.

Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction requests that all Defendants

> be enjoined from: (1) enforcing a Writ of Restitution; (2) evicting Plaintiffs from their residence; and (3) any further acts against Plaintiffs which may be deemed vexatious or discriminatory against Plaintiffs' rights and privileges under the U.S. Constitution, pending entry by the Supreme Court of the United States[.]

(Doc. 2 at 5.)

## DISCUSSION

The Court lacks subject-matter jurisdiction over this action. Plaintiffs' claims against the State and against the Commissioner arise out of the "blatant refusal of Commissioner Brian Rees to issue a stay under 28 U.S.C. § 2101," which "depriv[ed] the Plaintiff[s] of their right to stay under 28 U.S.C. § 2101." (Doc. 1 at 16.) Even if the statute were to confer such a right, this Court would not have jurisdiction.

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment . . . based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)) (internal quotation marks omitted). Here, the state court found that Plaintiffs were not entitled to a stay and that a Writ of Restitution should issue. This Court does not have jurisdiction over what is effectively an appeal from that state court judgment. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) ("*Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state court judgments[.]").

Nor does the Court have jurisdiction over the tortious interference claim. Plaintiffs state that there is an alternative theory on which this claim arises under 28

U.S.C. § 1927. But nothing in that statute confers a private right of action:

> Section 1927 does not contain an explicit right of action. Moreover, § 1927's plain text suggests Congress did not intend to imply a private right of action. *Northstar Fin. Advisors, Inc. v. Schwab Investments*, 615 F.3d 1106, 1115 (9th Cir.2010) (stating that inquiry into whether statute creates a private right of action begins with statutory text and seeks to determine congressional intent). Pursuant to § 1927, an attorney who unreasonably and vexatiously multiplies the proceedings "may be required by the court" to pay resulting costs, expenses, and attorneys' fees. Consequently, § 1927 contemplates a court, not a private litigant, will enforce it. Indeed, whether to award sanctions under § 1927 lies within the Court's discretion.

*Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, No. 3:09-CV-00422-PMP, 2010 WL 4339368, at *10 (D. Nev. Oct. 15, 2010). Federal question jurisdiction only arises "when the plaintiff sues under a federal statute that creates a right of action in federal court." *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021–22 (9th Cir. 2007). Thus Plaintiffs' invocation of 28 U.S.C. § 1927 does not create subject-matter jurisdiction.

Plaintiffs assert that 28 U.S.C. § 1367 gives this court supplemental jurisdiction over their state law tortious interference claim. But in the absence of original jurisdiction based on a federal claim, the Court has no supplemental jurisdiction over Plaintiffs' state law claim. 28 U.S.C. § 1367(a). Nor does diversity jurisdiction exist, as Plaintiffs and all Defendants (save Deutsche Bank) appear to be Arizona domiciliaries. (Doc. 1 at 3.)

**IT IS THEREFORE ORDERED** that Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction, (Doc. 2), is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to dismiss this action without prejudice.

Dated this 16th day of June, 2017.

_____
Honorable G. Murray Snow
United States District Judge